**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                                    **CRIMINAL ACTION NO. 3:03-CR-31-10**
                                           **(JUDGE GROH)**

**ACZEL CARDENAS-SOSA,**

    Defendant.

## ORDER GRANTING MOTION FOR COPIES AND TRANSCRIPTS

On March 28, 2014, the *pro se* Defendant filed a second motion for copies and production of transcripts and orders. Defendant states that he needs the documents because he has requested leave from the Fourth Circuit Court of Appeals to file a second or successive motion to vacate, set aside, or correct sentence. Defendant attached a letter from the Clerk of the Fourth Circuit Court of Appeals stating that he needed to attach additional documentation, including any previous § 2255 applications, all court opinions and orders disposing of the claims in a previous § 2255 application, and all magistrate judge's reports and recommendations issued in all previous § 2255 applications. Therefore, Defendant states that the requested records and transcripts are necessary for him to proceed with requesting leave to file a successive § 2255 motion.

28 U.S.C. § 753(f) provides, in pertinent part:

Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes.

It is well settled that a federal prisoner is not entitled to copies of court records at government expense, without a showing of need, merely to search the record for possible error. United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963). The Fourth Circuit Court of Appeals has held that a Defendant seeking free access to transcripts because "he plans to raise claims of prosecutorial misconduct and ineffective assistance of counsel in a habeas proceeding filed pursuant to 28 U.S.C. § 2255" did not demonstrate an adequate need for the transcripts by merely providing the type of claims he planned to present in his habeas motion. United States v. Brown, 36 F. App'x 519 (4th Cir. 2002).

Upon review of this motion, this Court finds that the Defendant has presented an adequate need for the requested copies of records. He has asserted a particular need and rationale for his request, primarily so he can pursue leave from the Fourth Circuit Court of Appeals to file a successive § 2255. Additionally, Defendant represents he is indigent. Although he is employed at the institution where he is incarcerated, his monthly pay is around sixty dollars. Therefore, the Court **GRANTS** Defendant's motion for copies of certain documents and **DIRECTS** the Clerk to mail the following documents to Defendant in accordance with their procedures:

1. Redacted Superseding Indictments [Doc. 209], [Doc. 271];
2. Plea Agreement [Doc. 275];
3. Plea Hearing Transcript [Doc. 292];
4. Presentence Investigation Report [Doc. 307];
5. Judgment and Commitment Order [Doc. 310];
6. Sentencing Hearing Transcript [Doc. 327];

7. Motion to Vacate [Doc. 313];

8. Report and Recommendation [Doc. 332];

9. Order Adopting Report and Recommendation [Doc. 343];

10. Docket Sheet

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or pro se parties.

**DATED:** April 2, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE