**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**


**ACZEL CARDENA-SOSA,**

      Petitioner,


**v.**                         **CIVIL ACTION NO.: 3:16-CV-105
CRIMINAL ACTION NO.: 3:03-CR-31-10
(GROH)**


**UNITED STATES OF AMERICA,**

      Respondent.

<u>**ORDER ADOPTING THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**</u>

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge James E. Seibert on May 9, 2018. ECF No. 491.[1] Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Seibert for submission of an R&R. Therein, Magistrate Judge Seibert recommends that this Court deny the Petitioner's § 2255 motion and dismiss the same as an unauthorized second or successive motion under § 2255. The Petitioner timely filed objections to the R&R on June 4, 2018. ECF No. 493. Accordingly, this matter is now ripe for adjudication.

**I. BACKGROUND**

On July 5, 2016, Aczel Cardena-Sosa ("Petitioner") filed a motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 466. The Petitioner was directed to re-file his

---

[1] All Electronic Court Filing (ECF) Numbers referenced herein refer to the underlying criminal action number.

motion on the appropriate court-approved form, which he filed on July 22, 2016. ECF No. 471. In his motion, the Petitioner stated that he "seeks relief based upon the Supreme Court's holding in Johnson v. United States." Id. at 5.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein; however, it will briefly outline the most relevant facts of this case.

In October 2004, the Petitioner pleaded guilty to distribution of methamphetamine and reentry of removed alien. See ECF Nos. 275, 277 & 307. This Court sentenced the Petitioner to serve 444 months of incarceration on the distribution charge and 240 months of incarceration on the reentry charge. The Court ordered that the Petitioner's sentences run concurrently. See ECF No. 309 & 310.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged

and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed

papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

## III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's R&R. Rather, the objections reiterate arguments the Petitioner made in his original filings, which were considered by the magistrate judge when he issued the R&R. Therefore, the Court finds that *de novo* review is not required because the Petitioner has failed to make specific objections presenting new facts or arguments that were not already before the magistrate judge.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Seibert's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Seibert's Report and Recommendation [ECF No. 491] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Thus, Petitioner's Motion to Vacate under 28 U.S.C. § 2255 is **DENIED**. The Clerk of Court is **DIRECTED** to terminate the Petitioner's pending motions. ECF Nos. 479 & 482. The Clerk is further **DIRECTED** to enter judgment in favor of the Respondent in Civil Action Number 3:16-cv-105, which shall be **STRUCK** from this Court's active docket.

The Petitioner has not met the requirements for issuance of a certificate of appealability.  A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). If a district court denies a petitioner's claims on the merits, then "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000). "If, on the other hand, the denial was procedural, the petitioner must show 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015) (quoting Slack, 529 U.S. at 484).  Here, upon a thorough review of the record, the Court concludes that the Petitioner has not made the requisite showing.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED:** August 15, 2018

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE